IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHYLLIS M. KNIGHT,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN C. CHATELAIN,<br><br>    Defendant. | **8:21CV378**<br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff, Phyllis M. Knight ("Knight"), a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Knight's Complaint (Filing1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

  This case is related to *Phyllis Marie Knight v. John C. Chatelain, et al.*, Case No. 8:19CV206, which was dismissed without prejudice on July 30, 2019, for lack of subject-matter jurisdiction.[1]

  In the prior case, Knight was seeking damages for the filing of an allegedly unlawful eviction action. The court took judicial notice of the proceedings in *La Chelle Phillips v. Phyllis Marie Knight*, County Court of Douglas County, Nebraska, Case No. CI 19-8911.[2] The county court file showed that a complaint for restitution

---

[1] Knight appealed to the Eighth Circuit, which affirmed this court's judgment on March 25, 2020. Knight's petition for writ of certiorari to the Supreme Court was denied on February 3, 2021. The present case was filed on September 27, 2021.

[2] Nebraska state court records can be accessed on the JUSTICE public database at https://www.nebraska.gov/justice/. Federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (federal courts may take judicial

and detainer was filed against Knight on April 24, 2019, by Defendant, John C. Chatelain ("Chatelain"), an attorney representing La Chelle Phillips, who was alleged to be the owner of a residence located at 5403 Grand Avenue in Omaha, Nebraska. The matter was dismissed without prejudice following a hearing on May 8, 2019, which is the same date Case No. 8:19CV206 was filed in federal court.

Knight now complains, in addition to having to defend against clams made in the county court in Case No. CI 19-8911, that Chatelain succeeded in obtaining a writ of restitution and having her evicted from the premises in August 2019. In this regard, the court takes judicial notice of the proceedings in *La Chelle Phillips v. Dr. Phyllis Marie B. Night*, County Court of Douglas County, Nebraska, Case No. 19-11289. The county court file shows that a second complaint for restitution and detainer was filed by Chatelain on May 22, 2019, and that a writ of restitution was issued by the court on August 23, 2019, and executed by the Douglas County constable on August 26, 2019.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

notice of judicial opinions and public records); *Stahl v. United States Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (taking judicial notice of public records, and considering such materials in a motion to dismiss).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Knight cites several federal statutes[3] and constitutional provisions[4] in support of her claim for damages and other relief, but none have any application to the facts alleged in her Complaint, and some could never give rise to a private cause of action under any circumstances. Federal courts are courts of limited jurisdiction and cannot hear a claim unless specifically authorized by the Constitution or a federal statute. *Rasul v. Bush*, 542 U.S. 466, 489 (2002). Further, under the *Rooker-Feldman* doctrine[5] federal courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See, e.g.*, *Franklin v. Omaha Hous. Auth.*, No. 8:21CV101, 2021 WL 3023730, at *2 (D. Neb. July 16, 2021) (holding that a state-court

---

[3] Knight cites (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*; (2) the Federal Trade Commission Act, 45 U.S.C. § 45 (unfair methods of competition); (3) the Bankruptcy Act, 11 U.S.C. § 548 (fraudulent transfers); (4) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and (5) the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

[4] Knight cites (1) the Supremacy Clause, U.S. Const. Article VI, cl. 2; (2) the Commerce Clause, U.S. Const. Article I, § 8, cl. 3; (3) the Treaty Clause, U.S. Const. Article I, § 10, cl. 1; and (4) the First Amendment.

[5] The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state-court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005).

judgment in favor of the Omaha Housing Authority and against Plaintiff for restitution of subsidized premises precluded a retaliation claim under the Fair Housing Act based on the same eviction).

## IV. CONCLUSION

The court lacks subject-matter jurisdiction over this matter, which will be dismissed without prejudice. Plaintiff will not be given an opportunity to amend, because it would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice for lack of subject-matter jurisdiction.

2. Judgment shall be entered by separate document.

Dated this 14th day of October 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge